**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————————

No. 96-60651
(Summary Calendar)

———————————————————

JACK R. BAGGETT,

Petitioner,

versus

AVONDALE SHIPYARDS, INC.,

Respondents,

AND

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR

————————————————————————————————

Appeal from the United States Department of Labor
Benefits Review Board
(95-1381)

————————————————————————————————

April 23, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The 18th of October of this year will mark the fifteenth
anniversary of the injury to the little finger on the left hand of

———————————————————

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Petitioner-Appellant Jack R. Baggett from which this litigation arose. He is before us today seeking review of the most recent act——more accurately, failure to act——of the Benefits Review Board (BRB) in his Longshore and Harbor Workers Compensation Act (LHWCA) proceedings, which have been bouncing around the administrative fora, back and forth between the administrative law judge (ALJ) and the BRB, for well over a decade. The last actual hearing in this case was the Formal Hearing on Remand before the ALJ in June 1994, which resulted in the ALJ's issuing his Decision and Order Remand in March 1995. Although Baggett appealed that ruling to the BRB, no determination was forthcoming within a year. As a result, Baggett's case became ripe for the filing of a Petition for Review in this court, the passage of a year without a BRB decision being deemed an affirmance and final order for purposes of seeking review in the proper court of appeals.

We have carefully reviewed the record before us, consisting of the briefs of the parties and their record excerpts, and have considered the facts, the myriad rulings of the ALJ and the BRB, the law as presented to us in the briefs of the parties, and the arguments by their able counsel. This review satisfies us that the rulings of which Baggett seeks review are supported by substantial evidence and were rendered in accordance with law, and therefore must be affirmed.

We can best summarize this case as it now stands by paraphrasing the description penned by counsel for Respondent-

2

Appellee Avondale Shipyards, Inc. in the Conclusion section of Avondale's appellate brief, as follows:

> Avondale established suitable alternative employment for Baggett with the job offer it made to him, which was both necessary and within his capabilities. As such, Baggett, is not permanently totally disabled. The BRB's remand for consideration of the medical testimony and gate guard salaries was proper under the appropriate powers. Baggett's loss of earning capacity for his arm or "scheduled" injury cannot be factored out of his "unscheduled" award, so Dual Benefits are not allowed. Baggett's failure to raise the issue of disfigurement before the ALJ prevents his entitlement to compensation for it and thus cannot be considered on appeal. And, as Baggett has received no economic benefit since the ALJ's Order on Reconsideration, his counsel is not entitled to attorney's fees.

Concluding that Baggett has not met his burden regarding the issues he would have us consider on appeal, we are constrained to affirm the decisions of the ALJ and the BRB. Consequently, Baggett's Petition for Review is

DENIED.

3